UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KX REINSURANCE COMPANY,

                                   Petitioner,

- against –

GENERAL REINSURANCE CORPORATION and
NORTH STAR REINSURANCE CORPORATION,

                                  Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 CIV. 7807 (SAS) (MHD)

MEMORANDUM OF
LAW IN SUPPORT OF
PETITION TO
CONFIRM IN PART
AND VACATE IN PART
FINAL ARBITRATION
AWARD

## INTRODUCTION

Petitioner KX Re respectfully submits this Memorandum of Law in Support of its Petition to Confirm in Part and Vacate in Part Final Arbitration Award (the "Petition"). For the reasons set forth below, and in the Petition, KX Re respectfully requests that the Court grant its Petition in its entirety.[1]

## ARGUMENT

### POINT I

### THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS

This Petition seeks to confirm in part and vacate in part an arbitration award that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the provisions of Federal Arbitration Act (the "FAA") implementing the

---

[1] Unless otherwise indicated, this Memorandum of Law uses the same abbreviations and conventions used in the Petition.

Convention. *See* 9 U.S.C. §§ 201, *et seq.* Section 202 of the FAA provides hat "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202. Section 202 exempts from the Convention "[a]n agreement or award arising out of such a [commercial, legal] relationship which is entirely between citizens of the United States. . . .unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202.

For an award or agreement to fall under the Convention it must meet the following four requirements: (1) there must be a written agreement to arbitrate; (2) it must provide for arbitration in the territory of a signatory of the Convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope. *Smith/Enron Cogeneration Ltd. Partnership, Inc. v.Smith Cogeneration Intern., Inc,* 198 F.3d 88 (2d Cir. 1999) (citations omitted). An award is not entirely domestic if "made within the legal framework of another country, e.g., [it] was pronounced in accordance with foreign law or involv[es] parties domiciled or having their principal place of business outside the enforcing jurisdiction." *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932-33 (2d Cir.1983); *accord Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir.1997).

As set forth in the Petition, the Final Arbitration Award arose out of several reinsurance treaties, each of which contained a written agreement to arbitrate in the United States, a signatory to the Convention. It was not entirely domestic in scope because KX Re is domiciled and has its principal place of business in the United Kingdom, another signatory to the Convention.

Moreover, KX Re's predecessor in interest was CMS, another English company, who, in turn, had succeeded to the liabilities of the Continental U.K. by virtue of a Part VII transfer made under English law and with the approval of an English court. Accordingly, KX Re's obligations under the contracts were also derived within the framework of English law.

This Court has original subject matter jurisdiction over proceedings involving awards or agreements that fall under the Convention: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States" and federal district courts have "original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. This Petition involves an award falling under the Convention and is thus an action or proceeding falling under the Convention over which this Court has original jurisdiction. *See, e.g., Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC*, 450 F.3d 100, 102 (2d Cir. 2007); *see also Yusuf Ahmed Alghanim & Sons*, 126 F.3d at 21-23; *Deitsch*, 500 F.3d at 165.

## POINT II

### THE CONVENTION AND ITS IMPLEMENTING LEGISLATION AUTHORIZE THIS COURT TO CONFIRM THE AWARD IN PART AND VACATE IT IN PART

Article V of the Convention provides that "[r]ecognition and enforcement of an award may be refused at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof" that one of five enumerated grounds is present. One of those grounds is that the arbitrators exceeded their

authority:

> . . . .
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced. . . .

Where, as here, the award was rendered in the United States, both the Convention and FAA Sections 1 through 16 governing domestic awards also apply to the extent that they do not conflict with the Convention. *See* Convention, art. V(1)(e); 9 U.S.C. § 208; *Deitsch,* 500 F.3d at 165; *Yusuf,* 126 F.3d at 21-23. To that extent, Section 10(a)(4) of the FAA, in addition to Convention Article V(c), provides for vacatur where the arbitrators "exceed[] their powers." 9 U.S.C. § 10(a)(4). Both are designed to provide relief, where, as here, the arbitrators have acted outside of the authority the parties conferred upon them.

Even in the absence of Section 10, Article V, in and of itself, authorizes an action for partial confirmation and partial vacatur of an award in cases where only part of the award exceeds the arbitrators' authority: "if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced." This express dictate is consistent with Article V general purpose: the "recognition and enforcement" of arbitration awards falling under the Convention. As the Second Circuit recently observed in a case involving the interpretation of a forum selection clause under which the parties "consent[ed]" to jurisdiction in New York

4

for "enforcing any award of [the] arbitrators," "enforcing an award" may encompass partial confirmation and partial vacatur of award:

> The purpose of [a clause providing that party "consent[ed]" to a particular court's jurisdiction for "enforcing any award of arbitrators"]. . . . . was to consent to New York jurisdiction *for all arbitration-related proceedings.* . . . The use of the word "enforce" rather than the word "confirm" is significant. To enforce is "[t]o give force or effect to." Because arbitration awards are not self-enforcing, they must be given effect by being converted to judicial orders by courts; *these orders can confirm and/or vacate the award, either in whole or in part.* Here, Broker petitioned the court to confirm in part and vacate in part the arbitration award. That request simply sought to give effect to the arbitration award. The partial vacatur of the award sought by Broker does not alter the nature of the action, which we believe is properly considered to involve "enforcing" the arbitration award. (citations and quotations omitted; emphasis added)

*D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 104 (2d Cir. 2007).

## POINT III

### THE RETENTION OF JURISDICTION PROVISION SHOULD BE VACATED UNDER CONVENTION ARTICLE V(C) AND SECTION 10(A)(4) OF THE FAA

Arbitrators can exercise only the authority that the parties have agreed to confer upon them:

> [t]he authority of the arbitral panel is established only through the contract between the parties who have subjected themselves to arbitration and a panel may not exceed the power granted to it by the parties in the contract. *The arbitrator is constrained foremost by this principle that "a party cannot be forced to arbitrate any dispute that it has not obligated itself by contract to submit to arbitration.* Where the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated. (citations omitted; emphasis added).

5

*Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 140 (2d Cir. 2007).

Where, as here, an arbitration panel rules on all the disputes submitted to it, its authority is limited to addressing issues that might arise in the implementation of its award to the claims which were properly before it at the hearing. *See, e.g., Pathmark Stores, Inc. v. Local 1199*, 1999 WL 20996 at *4 (S.D.N.Y. Jan. 19, 1999); *Pine Valley Productions v. S.L. Collections*, 828 F. Supp. 245, 249-50 (S.D.N.Y. 1993) (copies attached). The Second Circuit has explained in no uncertain terms that after rendering their award, arbitrators lack the authority to rule on disputes not previously submitted to it:

> The scope of authority of arbitrators generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission. *Such an agreement or submission serves not only to define, but to circumscribe, the authority of arbitrators.* Because there is no indication that the parties agreed to submit the issue of compliance to the arbitrator, we think it clear that the arbitrator was without authority to rule on that issue. . . . . Moreover, as a general rule, once an arbitration panel decides the submitted issues, it becomes *functus officio* and lacks any further power to act. *Because the parties did not submit issues of compliance to arbitration, and because the issuance of a final award terminated the arbitrator's authority, the district court's remand to the arbitrator was error.* (emphasis added; citations and quotations omitted)

*Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987).

At this juncture all issues raised by North Star and Gen Re in their arbitration demands have been addressed, the Final Award has been fully implemented, the Panel's work is done and its authority terminated. *See, e.g., id.; Courier-Citizen Co. v. Boston Electrotypers Union*, 702 F.2d 273, 281 (1st Cir. 1983); *Hughes Aircraft Co. v. Electronic & Space Tech.*, 822 F.2d 823, 826-27 (9th Cir. 1987) (copies attached).

6

For the reasons set forth in the First through Fourth Claims for relief in the Petition, the Panel has exceeded its authority by remaining in place pursuant to the "Retention of Jurisdiction Provision," and KX Re has been effectively deprived of its right to arbitrate before a different panel in the event that future disputes arise between the parties. Because the Retention of Jurisdiction Provision exceeds the Panel's authority, the Court should vacate it.

## CONCLUSION

For all of the foregoing reasons, and for those set forth in the Petition, KX Re respectfully requests that the Court grant the Petition in its entirety.

Dated: September 6, 2008

Respectfully submitted,

LOREE & LOREE

By: Philip J. Loree Jr. (PL-2213)

To:

Joseph Schiavone, Esq.
Vincent Proto, Esq.
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-0999

Attorneys for Respondents GENERAL REINSURANCE CORPORATION AND NORTH STAR REINSURANCE CORPORATION

7 Bayview Terrace
Manhasset, New York 11030
Tel: (516) 627-1720
Fax: (516) 627-3752
pjl1@LoreeLawFirm.com

Attorneys for Petitioner KX REINSURANCE COMPANY, LTD